The respondent moves to dismiss the appeal upon the following grounds: First. That the return to the appeal filed in this court does not contain copies of all the papers used upon the hearing in the Supreme Court. Second. That an order in regard to costs merely is not reviewable in this court. An appeal may undoubtedly be dismissed when no return is made according to the rules of the court; and where the return is defective, and made so by the appellant for an improper purpose, the court would dismiss the appeal. In this case the affidavit read upon the hearing of this motion repels any such conclusion and satisfactorily explains the omission in the return. The third rule provides the mode of supplying any defect in the return, and is available to either party. That course should be taken unless the defect has originated from the misconduct of the appellant.
There is no distinction, in the right of appeal to this court, between an order affecting costs and any other right. By the third clause of section 11 of the Code it is provided that an appeal may be taken to this court from a final order affecting *Page 583 
a substantial right, made in a special proceeding, or upon a summary application in an action after judgment. It is settled by this court that the order referred to in this provision is one founded upon the judgment and recognising its validity. (Humphrey v. Chamberlain, 1 Kern., 274.) The order in this case is of that character. The distinction between this case andThompson v. Bullock (16 How., 213), relied upon by the respondent, is that in the latter case the order was made in the rendition of the judgment. It did not recognise its validity and could only be reviewed in this court, if at all, upon an appeal from the judgment. The motion to dismiss in this case must be denied.
All the judges concurring,
Motion denied.